■ In the Matter of the Claim of JENNIFER A. BRUYNE, Appellant. COMMISSIONER OF LABOR, Respondent. [945 NYS2d 452]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 30, 2011, which ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not available for employment.

Claimant, a Surinam national, originally possessed a valid United States employment card; however, when it expired in November 1999, she did not seek a renewal. In 2005, claimant married a United States citizen. Claimant began working for a fast food restaurant in 2007 and, in 2008, she applied to have her status changed with the United States Citizenship and Immigration Services (hereinafter USCIS) based on her marriage. Claimant's employment ended in May 2010, after which she filed an original claim for unemployment insurance benefits. Thereafter, claimant testified before an Administrative Law Judge (hereinafter ALJ) that her USCIS application to change her status remained pending. The ALJ ultimately found that claimant was ineligible to receive benefits because she was not

authorized to work in the United States during the relevant time period and was thus unavailable for work. The ALJ also found that she was unable to file a valid original claim because her base period employment as an alien was not covered employment under Labor Law § 590. The Unemployment Insurance Appeal Board affirmed the ALJ's decision and this appeal ensued.

We affirm. "In order to be considered available for work and, therefore, eligible to receive unemployment insurance benefits, a non-United States citizen must have valid authorization from the [USCIS] to work in the United States" (*Matter of Cale [Commissioner of Labor]*, 46 AD3d 1065, 1066 [2007] [citation omitted]; *see Matter of Enrique [Commissioner of Labor]*, 13 AD3d 967, 968 [2004]). Here, our review of the record and claimant's testimony confirms that she did not have the proper authorization to work in the United States during the relevant time period. Thus, we find no basis to disturb the Board's ruling that claimant was not available for work and, further, that, under the circumstances, she was not able to file a valid original claim (*see Matter of Enrique [Commissioner of Labor]*, 13 AD3d at 968).

Mercure, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.